## JOHN CHARLES RUSSELL v. MARIE AGNES RUSSELL.[1]

February 8, 1952.

No. 35,597.

*Howard P. Quealy,* for appellant.

*Robert Greenberg* and *Henry H. Bank,* for respondent.

MAGNEY, JUSTICE.

The parties were husband and wife. On October 4, 1930, plaintiff, John Charles Russell, was granted a divorce on the ground of desertion. While the action was pending and on April 21, 1930, the parties entered into the following stipulation:

"It is stipulated and agreed by and between the above named plaintiff and defendant:

"1. That an action for divorce having been commenced by plaintiff against defendant, that they have mutually settled and agreed upon their property rights; that each party hereby states and agrees that a full and complete property and alimony settlement

[1] Reported in 51 N. W. (2d) 665.

has been made between them; and expressly releases the other from any claim by reason of property or alimony rights which either may have, except as hereinafter stipulated.

"2. It is agreed that the respective parties have a joint tenancy interest in certain real estate known as 3234 Bryant Ave. North, Minneapolis, Minnesota, now occupied by the plaintiff herein; and that upon the sale of said property, the proceeds shall be divided equally share and share alike between the respective parties, it being the understanding that the parties shall share equally in the profits, use or sale of said premises."

The stipulation was not presented to the trial court and was not incorporated in the findings or judgment. On May 10, 1950, defendant, the wife, made a motion for an order amending and modifying the original judgment and decree by adding thereto paragraph 2 of the stipulation. This motion was denied without prejudice. On March 6, 1951, defendant renewed her motion, setting out that it was understood and agreed in writing that "defendant would receive from plaintiff" a one-half interest in the premises in question; that plaintiff and his attorney represented to her that the stipulation would be embodied in and become a part of the judgment and decree; and that plaintiff perpetrated a fraud against the court by failing to embody the stipulation in the findings of fact and conclusions of law. She further sets out that she "was to have" a one-half interest in the premises as her property settlement. On April 21, 1951, the court ordered that "the judgment and decree dated October 4, 1930, be amended by adding" the paragraph of the stipulation set out in the motion. In a memorandum accompanying its order, the court said that after the service of summons and complaint upon defendant she—

"entered into a stipulation waiving alimony and support money and agreeing to accept in lieu thereof a joint tenancy in the property described in the stipulation. Plaintiff's counsel owed her a duty to see that the stipulation was incorporated in the decree. His failure, intentional or by inadvertence, amounted to a fraud upon the defendant, for which she may have relief."

Both defendant and the court have misinterpreted the meaning of the stipulation. It states:

"It is agreed that the respective parties *have* a joint tenancy interest in certain real estate [describing same]." (Italics supplied.)

It is not a stipulation to the effect that defendant would receive from plaintiff a one-half interest in the premises as her property settlement, as she claims, or "a stipulation waiving alimony and support money and agreeing to accept in lieu thereof a joint tenancy," as the court interpreted it. The stipulation simply recites the status of the title to the property on the date thereof, namely, April 21, 1930. It recites that the parties on that day *"have a joint tenancy interest"* (italics supplied) in the premises. It is not a recital that plaintiff agrees to give defendant a one-half interest in the premises as a property settlement. It was not the intention of the parties, as indicated by the language of the stipulation, or the purpose of the stipulation to transfer the property to defendant or create a new interest to it in her, but a recital of the interest she already possessed in it. The stipulation made no change in the status of the title. By the recital, plaintiff gave nothing and defendant received nothing with reference to the real estate.

On April 1, 1936, William E. Gilson and wife by warranty deed conveyed to plaintiff alone the premises referred to in the stipulation, subject to encumbrances. On September 15, 1938, plaintiff was married to his present wife, Nellie Russell. On December 19, 1939, plaintiff, through a conduit, conveyed the premises to himself and Nellie Russell as joint tenants. Nellie Russell claims that she acquired the one-half interest in the premises for a valuable consideration and without notice of any claim by defendant, and that thereafter she expended money in excess of $2,500 in repairing and improving the premises. She and plaintiff occupy the premises as their homestead and have so occupied it since their marriage. The encumbrances on the premises have been paid and satisfied of record. On March 21, 1951, plaintiff and his present wife, Nellie Russell, made an application as joint tenants to register the title

to the premises. Defendant, Marie Agnes Smith, formerly Marie Agnes Russell, was named as a person claiming an interest in the premises, and summons has been issued therein. Opportunity is thus afforded in the Torrens proceeding to litigate the present controversy.

The order of the court made a determination of the status of the title as of April 21, 1951, and a judgment entered pursuant to said order would be an adjudication that on that date the parties had a joint-tenancy interest in the premises. The stipulation, however, recited that on its date, April 21, 1930, exactly 21 years earlier, the parties had a joint-tenancy interest in the premises. It is obvious that the court was in error in amending the judgment and decree and thus determining the status of the title on April 21, 1951, when the stipulation operated only as of April 21, 1930.

Order reversed.